Sterling A. Brennan (Utah State Bar No. 10060; Email: sbrennan@wnlaw.com)
David R. Todd (Utah State Bar No. 8004; Email: dtodd@wnlaw.com)
Matthew A. Barlow (Utah State Bar No. 9596; Email: mbarlow@wnlaw.com)
WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah  84111
Telephone:  (801) 533-9800
Facsimile:   (801) 328-1707

Attorneys for Plaintiff and Counterdefendant
3FORM, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| 3FORM, INC., a Utah corporation,<br><br>           Plaintiff,<br>     v.<br><br>LUMICOR, INC., a Washington corporation,<br><br>           Defendant. | Civil Action No. 2:12-cv-00293-CW<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(JURY TRIAL DEMANDED)**<br><br>Honorable Judge Clark Waddoups |

Plaintiff 3form, Inc. ("Plaintiff" or "3form") hereby complains against defendant Lumicor, Inc. ("Defendant" or "Lumicor") and for claims of relief alleges as follows:

## **PARTIES**

1. Plaintiff is a Utah corporation with its principal executive offices located at 2300 South 2300 West, Salt Lake City, Utah 84119.

2. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Washington, with its principal executive offices located at 1400 Monster Road SW, Renton, Washington 98055.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement brought by Plaintiff for acts committed by Defendant arising under the patent laws of the United States, and more specifically under 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289.  Jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331 and 1338(a).

4. This is also a civil action with complete diversity of citizenship between Plaintiff and Defendant with the amount in controversy exceeding $75,000.  Therefore, jurisdiction of this Court is also founded upon 28 U.S.C. § 1332.

5. Upon information and belief, Defendant has transacted business, contracted to supply goods or services, and caused injury within the State of Utah, and has otherwise purposely availed itself of the privileges and benefits of the laws of the State of Utah, and is therefore subject to the jurisdiction of this Court pursuant to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure and Utah Code Ann. § 78-27-24.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FIRST CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 7,008,700)

7. Plaintiff hereby incorporates the allegations of the preceding paragraphs 1 through 6 of this Complaint into this First Claim for Relief as though fully set forth hereat.

8. U.S. Patent No. 7,008,700 ("the '700 Patent") issued from the United States Patent and Trademark Office ("USPTO") on March 7, 2006, bearing the title "Architectural

laminate panel with embedded compressible objects and methods for making the same." (A true and correct copy of the '700 Patent is attached hereto as Exhibit A and incorporated herein by this reference.)

9. The '700 patent issued from application number 10/821,307 filed with the USPTO on April 9, 2004. On April 27, 2004, the inventors of the '700 patent executed a written assignment conveying "[t]he entire right, title and interest" in the invention disclosed in application number 10/821,307 from the inventors to Plaintiff. Therefore, when the '700 Patent issued on March 7, 2006, the entire right, title, and interest in the '700 Patent was owned by Plaintiff.

10. In October 2008, in order to settle a dispute, Plaintiff entered into an agreement with a third party ("the October 2008 Agreement"), by which Plaintiff granted certain license rights under the '700 Patent to the third party.

11. On November 5, 2009, Plaintiff filed an action against Defendant in the above-entitled Court. That action was assigned Civil Action No. 2:09-cv-00990 ("the '00990 Action"), and included a claim against Defendant for infringement of the '700 Patent. Defendant argued in that action that the October 2008 Agreement constituted a "virtual assignment" of the '700 Patent to the third party, and, as a result, Plaintiff did not have Article III standing to maintain a claim for infringement of the '700 Patent as of the date that claim was filed. On March 1, 2012, this Court dismissed Plaintiff's claim for infringement of the '700 Patent for lack of Article III standing as of the date that claim was filed.

12. Meanwhile, on October 20, 2011, a fourth party purchased from the third party "all rights and benefits" of the third party under the October 2008 Agreement. On or about November 21, 2011, the fourth party conveyed to Plaintiff "all of its right, title, and interest in

the rights and benefits" of the October 2008 Agreement, including "any and all right to sue for past, present, and future infringement" of the '700 Patent.  Therefore, Plaintiff is currently the owner of all right, title, and interest in and to the '700 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '700 Patent, and to enjoin acts of infringement of the '700 Patent.

13.     Neither Plaintiff nor any other authorized person or entity has licensed or otherwise authorized Defendant to practice the '700 Patent.

14.     Defendant, directly or through its subsidiaries, divisions, or groups, has infringed and continues to infringe one or more claims of the '700 Patent by making, using, selling, and/or offering to sell, or inducing others to make, use, sell, and/or offer for sale, in the United States and this judicial district, products, such as the "Lumicor Natural Décor panels," including, but not limited to, those entitled "Zito," "Serengeti," "Kenya," Savannah," "Pampas Reed," "Birch," "Rainforest," "Madagascar," "Ginko Reed," and "Tortoise Reed," that are covered by of one or more of the claims of the '700 Patent.  Therefore, Defendant is liable for infringement of the '700 Patent pursuant to 35 U.S.C. § 271.

15.     Defendant's acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial.

16.     As a consequence of the infringement complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined, and will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement of the '700 Patent.

17.     One or more of Defendant's acts of infringement were made and/or are made with knowledge of the '700 Patent. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle Plaintiff to enhanced damages and reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF**
(Infringement of U.S. Patent No. D621,068)

18.     Plaintiff hereby incorporates the allegations of the preceding paragraphs 1 through 17 of this Complaint into this Second Claim for Relief as though fully set forth hereat.

19.     U.S. Patent No. D621,068 ("the '068 Patent") issued from the USPTO on August 3, 2010, bearing the title "Architectural Panel with Thatch Reed Design." (A true and correct copy of the '068 Patent is attached hereto as Exhibit B and incorporated herein by this reference.)

20.     The '068 Patent issued from application number 29/334,111, filed with the USPTO on March 20, 2009, which is a continuation of application number 11/203,985, which is a division of application number 10/821,307, filed on April 9, 2004. On April 27, 2004, the inventors of the '700 Patent executed a written assignment conveying "[t]he entire right, title and interest" in the invention disclosed in application number 10/821,307 "and in all divisions [and] continuations…of said application" from the inventors to Plaintiff.

21.     Pursuant to the October 2008 Agreement, in order to settle a dispute Plaintiff granted certain license rights under the '068 Patent to a third party.

22.     Plaintiff asserted a claim for infringement of the '068 Patent by Defendant in the '00990 Action, but, as with the '700 Patent, on March 1, 2012, this Court dismissed Plaintiff's

claim for infringement of the '068 patent for lack of Article III standing as of the date that claim was filed.

23. Meanwhile, on October 20, 2011, a fourth party purchased from the third party "all rights and benefits" of the third party under the October 2008 Agreement. On or about November 21, 2011, the fourth party conveyed to Plaintiff "all of its right, title, and interest in the rights and benefits" of the October 2008 Agreement, including "any and all right to sue for past, present, and future infringement" of the '068 Patent. Therefore, Plaintiff is currently the owner of all right, title, and interest in and to the '068 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '068 Patent, and to enjoin acts of infringement of the '068 Patent.

24. Neither Plaintiff nor any other authorized person or entity has licensed or otherwise authorized Defendant to practice the '068 Patent.

25. Defendant, directly or through its subsidiaries, divisions, or groups, has infringed and continues to infringe one or more claims of the '068 Patent by making, using, selling, and/or offering to sell, or inducing others to make, use, sell, and/or offer for sale, in the United States, and/or this judicial district, products, such as the "Lumicor Natural Décor panels," including, but not limited to, those entitled "Spring Zito" and "Autumn Zito," that are covered by the claim of the '068 Patent. Therefore, Defendant is liable for infringement of the '068 Patent pursuant to 35 U.S.C. § 271.

26. Defendant's acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the actual damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 284, or

an award of Defendant's profits from its infringements pursuant to 35 U.S.C. § 289, whichever is greater.

27.    As a consequence of the infringement complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement of the '068 Patent.

28.    One or more of Defendant's acts of infringement were made and/or are made with knowledge of the '068 Patent.  Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle Plaintiff to enhanced damages and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of a final order and judgment that:

1.    Defendant has infringed the '700 Patent;

2.    Defendant has infringed the '068 Patent;

3.    Defendant account for and pay to Plaintiff all damages caused by its infringement of the '700 Patent, and to enhance such damages by three times in light of Defendant's willful infringement, all in accordance with 35 U.S.C. § 284;

4.    Defendant account for and pay to Plaintiff all damages caused by its infringement of the '068 Patent and a trebling of damages for willful infringement under 35 U.S.C. § 284, or an award of Defendant's profits from its infringement pursuant to 35 U.S.C. § 289, whichever is greater;

5.  Plaintiff be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendant, its officers, agents, servants, employees, and all those persons in active concert or participation with them from further acts of patent infringement;

6.  Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendant's infringement of the '700 Patent and the '068 Patent;

7.  The Court declare this an exceptional case and that Plaintiff be granted its reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

8.  Costs be awarded to Plaintiff; and

9.  Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all claims and issues so triable.

DATED: March 26, 2012

Sterling A. Brennan
David R. Todd
Matthew A. Barlow
WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION


By  /s/ Sterling A. Brennan
    Sterling A. Brennan
    Attorneys for Plaintiff
    3FORM, INC.